## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSARIO DIAZ, Individually and as Representative of the ESTATE OF EVARISTO FERNANDEZ and as Natural Tutrix of ROSA ESTELA FERNANDEZ, LEOPOLDO FERNANDEZ DIAZ, AND JOSE FERNANDEZ DIAZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-353-B-M2** |
| **GOODYEAR TIRE AND RUBBER COMPANY, ET AL** | |

### RULING & ORDER

This matter is before the Court on the "Motion to Compel Documents and Information Responsive to Plaintiffs' February 9, 2009 Request for Production, Interrogatories and Request for Admissions to Goodyear Tire & Rubber Company" (R. Doc. 76) filed by plaintiffs, Rosario Diaz, individually and as representative of the Estate of Evaristo Fernandez and as Natural Tutrix of Rosa Estela Fernandez, Leopoldo Fernandez Diaz, and Jose Fernandez Diaz (collectively "plaintiffs"). Defendant, Goodyear Tire & Rubber Company ("Goodyear"), has filed an opposition (R. Doc. 80) to plaintiffs' motion. Both parties have also filed reply memoranda related to this motion. (R. Docs. 81 and 86).

### FACTS & PROCEDURAL BACKGROUND

Plaintiffs filed this products liability action in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on February 14, 2007, seeking damages related to the death of Evaristo Fernandez ("Mr. Fernandez") in a motor vehicle accident that

1

occurred on or about April 14, 2006, when he was driving a 1995 Honda Accord on Interstate 12 in Livingston Parish, Louisiana. Plaintiffs contend that the accident occurred because the left rear tire of Mr. Fernandez's vehicle sustained a "detread" or "tread belt separation." The subject tire is a P185/70R14 Douglas Xtra Trac A/W steel belted radial passenger tire bearing Department of Transportation Serial No. Y1RVPKLR24702 ("subject tire" or "tire in question"). Plaintiffs' claims against Goodyear are predicated upon alleged design, manufacturing, and marketing defects in the tire in question, including but not limited to, Goodyear's failure to include a nylon cap ply in the subject tire and its use of an excessively thin inner liner in the subject tire.

On or about February 9, 2009, plaintiffs served Interrogatories, Requests for Production, and Requests for Admission upon Goodyear. Through those discovery requests, plaintiffs seek information concerning the inner liner on the subject tire and Goodyear's knowledge regarding the relationship between thin inner liners on tires and premature tread-belt separations, including any "studies, testing, internal memos and other documents." According to plaintiffs' motion, Goodyear has acknowledged, through its Adjustment Procedure Manual (at page GDYR-0414), that one of the "covered conditions" includes a "thin liner" and that there is a correlation between tread-belt "separations" and a "thin liner." *See*, Adjustment Procedure Manual, attached to Goodyear's sur-reply as Exhibit A. Plaintiffs also contend that Goodyear's Adjustment Procedure Manual, at page GDYR-0440, provides that "covered warranty conditions" include a "thin spot in liner."

Plaintiffs assert that, because an excessively thin liner is one of the manufacturing defects they have alleged to exist in the subject tire within their pleadings on file and within their tire expert's report, they are entitled to documents regarding Goodyear's knowledge

2

concerning the relationship between a "thin liner" and tread belt "separations." They contend that such documents are "relevant" to this litigation and that, in failing to produce those documents, Goodyear is "prejudicing plaintiffs' right to fully and fairly prepare this matter for trial."

Goodyear opposes plaintiffs' motion and contends that plaintiffs are not entitled to the requested information because the discovery is objectionable on grounds that it seeks trade secret and confidential information and on the ground that it seeks irrelevant information about "passenger car tires" that are not "substantially similar" to the tire that is the subject of this litigation; because the plaintiffs have failed to make a showing of the requisite relevance and need with respect to the trade secrets they seek to compel; and because plaintiffs' tire expert, Dennis Carlson, has already rendered his "inner liner opinions" in an expert report two months ago, and the requested information is therefore not necessary to the plaintiffs' case.

## LAW & ANALYSIS

In the Court's prior rulings relative to plaintiffs' request for information from Goodyear concerning the use of nylon cap plies in its tires, the Court noted that it was undisputed between the parties that such information was a trade secret. Furthermore, the Court took judicial notice of a prior ruling out of the Southern District of Texas in *Arnulfo Cantu v. Goodyear Tire & Rubber Co., et al*, Civil Action No. 05-4, where it had been specifically determined that Goodyear's decision to implement nylon cap plies in certain types of tires as well as information regarding Goodyear's tire performance and design changes constitute trade secrets. It is not undisputed, however, that the information plaintiffs seek through the present motion, *i.e.*, information regarding the inner liner on the subject tire and

3

Goodyear's knowledge regarding the relationship between thin inner liners on tires and premature tread-belt separations, is a trade secret, and the *Cantu* ruling did not address that subject. Thus, the first step in determining whether plaintiffs are entitled to the information at issue in this motion is to examine whether Goodyear has established that the requested information is indeed a protected trade secret. *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equipment Resource*, 2004 WL 764174, *4 (E.D.La. 2004), citing *Centurion Industries, Inc. v. Warren Steurer and Associates*, 665 F.2d 323 (10th Cir. 1981)("In order to establish confidentiality, a [party] must establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful"). Then, if Goodyear meets that burden of proof, the burden shifts to the party seeking the discovery to establish that the requested information is both relevant and necessary. *Id.*, citing *Cmedia, LLC v. Lifekey Healthcare, LLC*, 216 F.R.D. 387, 391 (N.D.Tex. 2003)(citing *Echostar Communications Corp. v. The New Corp., Ltd.*, 180 F.R.D. 391, 395 (D.Co. 1998).

In defining what constitutes a "trade secret," this Court must look to the substantive law of Louisiana. *Id.*, citing *Sheets v. Yamaha Motors Corp.*, 849 F.2d 179 (5th Cir. 1988); *Wheelabrator Corp. v. Fogle*, 438 F.2d 1226 (5th Cir. 1971). Louisiana's version of the Uniform Trade Secrets Act, La. R.S. 51:1431, defines a trade secret as:

> information, including a formula, pattern, compilation, program, device, method, technique or process, that: (a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

La. R.S. 51:1431(4). Comment (f) to that section further explains that "reasonable efforts to maintain secrecy have been held to include advising employees of the existence of a trade secret, limiting access to a trade secret on a "need to know basis," and controlling plant access . . ." Comment (f) to La. R. S. 51:1431.

In its opposition to plaintiffs' motion to compel, Goodyear has not made any effort to establish that the requested inner liner information constitutes a trade secret. Instead, it has simply relied upon the Court's prior rulings, wherein it was determined that it was undisputed that the nylon cap ply information was a trade secret. Based upon those rulings, Goodyear omits the step of proving that the requested information is a trade secret and simply makes the conclusory assertion that such is the case and then proceeds to an analysis of whether plaintiffs have demonstrated the requisite relevance and need for that information in this matter. As noted above, however, plaintiffs dispute that the requested inner liner information is a trade secret. In their reply memorandum, plaintiffs point out that, through this motion, they are not seeking trade secret information that would compromise Goodyear's competitive position in the marketplace, *i.e.*, they are not seeking the inner liner compounds or formulas for the subject tire. Instead, plaintiffs explain that they are seeking documents that are relevant to the relationship between thin liners and tread belt separations, which, according to plaintiffs, are both necessary and relevant to proving their products liability claims concerning the inner liner.

Plaintiffs complain that Goodyear should not simply be permitted to take the position that every inner liner document requested is a trade secret. The Court agrees and finds that, since it has not been proven that the subject information is a trade secret, the requested inner liner documents and information should be produced by Goodyear, to the

extent such documents and information relate to the tire that is the subject of this lawsuit. Any inner liner documents and information that plaintiffs seek relating to tires other than the subject tire, however, need not be disclosed because plaintiffs have not established that such other tires are "substantially similar" to the tire in question in this suit.[1]

Accordingly;

**IT IS ORDERED** that the "Motion to Compel Documents and Information Responsive to Plaintiffs' February 9, 2009 Request for Production, Interrogatories and Request for Admissions to Goodyear Tire & Rubber Company" (R. Doc. 76) filed by plaintiffs, Rosario Diaz, individually and as representative of the Estate of Evaristo Fernandez and as Natural Tutrix of Rosa Estela Fernandez, Leopoldo Fernandez Diaz, and Jose Fernandez Diaz , is hereby **GRANTED IN PART**, in that plaintiffs are entitled to the requested inner liner documents and information relating to the tire that is the subject of this litigation, and **DENIED IN PART**, in that plaintiffs are not entitled to the requested inner liner documents and information as they relate to tires other than the subject tire.

**IT IS FURTHER ORDERED** that defendant, Goodyear Tire & Rubber Company, shall produce the requested inner liner documents and information relating to the subject tire within twenty (20) days of this Order.

---

[1] Plaintiffs' arguments concerning the information that they are seeking are contradictory. Although, at one point in their reply memorandum, they contend that they are not seeking information about "other tires," at another point, they specifically note that information concerning a thin inner liner "in the subject tire and other substantially similar tires is not a trade secret," and that they are entitled to that information because it is both relevant and necessary to their case given the nature of their inner liner defect allegations. Even though they contend that they are seeking information about the inner liner defect generally, any information Goodyear might have in that regard is going to relate to that defect as it exists in particular types of tires. Since plaintiffs have never demonstrated the "substantial similarity" of any other Goodyear tires to the tire in question in this lawsuit, the only inner liner documents that would have relevance to the plaintiffs' inner liner defect allegations would be those specifically relating to the subject tire.

Signed in chambers in Baton Rouge, Louisiana, May 8, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**